# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **T.D., H.D., A.D., and I.D.-J.**

**No. 24-137** (Greenbrier County CC-13-2023-JA-23, CC-13-2023-JA-24, CC-13-2023-JA-25, and CC-13-2023-JA-26)

## MEMORANDUM DECISION

Petitioner Mother K.D.[1] appeals the Circuit Court of Greenbrier County's February 9, 2024, order terminating her parental rights to T.D., H.D., A.D. and I.D.-J., arguing that the circuit court erred in denying her motions for continuances of two dispositional hearings and in purportedly "denying" her motion for an extension of her post-adjudicatory improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed its initial petition in April 2023, alleging that the petitioner did not have appropriate shelter to provide for the children's basic needs and that she exposed the children to domestic violence. The DHS also cited reports that the petitioner used and sold drugs.[3]

At an adjudicatory hearing in August 2023, the petitioner stipulated that the children were neglected due to her failure to provide appropriate housing. On this basis, the circuit court adjudicated her as an abusing parent, and T.D., H.D., A.D. and I.D.-J. as neglected children. The court also granted the petitioner a post-adjudicatory improvement period. The terms and conditions of the improvement period included, among other things, that the petitioner establish and maintain

---

[1] The petitioner appears by counsel Richard M. Gunnoe. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney Wyclif Farquharson. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Michael R. Whitt appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The proceedings below concerned additional respondents not at issue on appeal.

appropriate housing, maintain negative drug screens, and participate in a psychological and substance abuse evaluation.

The court held an initial dispositional hearing in December 2023, for which the petitioner failed to appear, although she was represented by counsel. Despite the court accommodating her request to appear remotely due to weather conditions, the petitioner did not respond to multiple calls or emails. The court then denied counsel's request to continue the hearing, given the petitioner's lack of compliance. The court heard from several witnesses, including a DHS worker who testified that the petitioner had not completed her psychological evaluation, having missed two scheduled appointments. Further, all of the petitioner's drug screens were positive for multiple substances, including cocaine and fentanyl. The worker also testified that the petitioner would not acknowledge her drug problem. The petitioner's parenting class provider testified that she was consistently late and that progress was difficult because the petitioner wanted to discuss how "everybody's doing her wrong." She further testified that when the multidisciplinary team ("MDT") determined that the petitioner needed to attend inpatient drug treatment, the petitioner stated that she would "absolutely not" go and rejected an open bed the provider had secured for her. Accordingly, the DHS requested termination. The petitioner's counsel asked that her improvement period be extended, on the condition that she go to inpatient drug treatment immediately. The court deferred its ruling on disposition, granting the petitioner that opportunity.

At the final dispositional hearing in February 2024, the petitioner again failed to appear, though she was represented by counsel. The court noted that when it deferred disposition, it directed the petitioner to "be in a drug rehabilitation program as a term and condition of her improvement period by January the 15th of 2024." The DHS proffered that the petitioner had not complied. The petitioner's counsel requested a continuance, though he admitted that the petitioner was aware of the proceeding, that he had sent her letters and emails detailing the need to attend, and that he could not explain her absence. The court then proceeded to disposition, finding that the petitioner failed to appear, failed to check into an inpatient treatment facility, and failed to acknowledge her drug problem. Since the petitioner did not comply with the rehabilitative case plan designed to remedy the conditions of abuse and neglect, there was no reasonable likelihood that she could substantially correct those conditions. The court then terminated the petitioner's parental rights to T.D., H.D., A.D. and I.D.-J., as the children's best interests and welfare required termination.[4] The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner asserts that the circuit court erred in denying her counsel's motions to continue both dispositional hearings. Rule 7(b) of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings provides that a continuance "shall be granted only for good cause." Moreover, it is in the circuit court's discretion to decide whether a continuance is warranted. *See In re Tiffany Marie S.*, 196 W. Va. 223, 235,

---

[4] The court also terminated the parental rights of A.D. and I.D.-J.'s father, with a permanency plan of adoption by the current placement. The father of T.D. and H.D. retains his parental rights but will consent to a legal guardianship of his children by the current placement.

470 S.E.2d 177, 189 (1996) ("Whether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion."). Nothing in the record indicates good cause for a continuance, given that the petitioner made no effort to participate in her own disposition. The court granted her request to appear remotely for the initial hearing, but the petitioner opted not to, without explanation or excuse, giving the court no reason to believe she would appear if granted a continuance. The petitioner then failed to appear for the final hearing, despite knowing the DHS sought termination and having told counsel she planned to attend. On appeal, the petitioner argues that if granted a continuance, she "could have appeared" and "perhaps" her testimony would have persuaded the court to extend her improvement period. These arguments do not explain why the petitioner failed to appear. Nor do they present good cause justifying a continuance. As such, the petitioner is not entitled to relief.

Finally, the petitioner challenges the circuit court's "denial" of her motion for an extension of her post-adjudicatory improvement period.[5] However, the record does not support the petitioner's characterization of the court's ruling as it appears that the circuit court, in essence, *granted* the petitioner's motion. Indeed, as the court noted at the final hearing, it previously deferred disposition to give the petitioner the opportunity to check into an inpatient program "as a term and condition of her improvement period." Tellingly, the petitioner does not cite to any portion of the record on appeal where the circuit court denied the motion. *See* W. Va. R. App. P. 10(c)(7) (requiring the petitioner's brief to include "citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal"). The petitioner cites only to her counsel's request at the initial dispositional hearing that her "improvement period be extended with a specific condition that she immediately go to inpatient drug treatment," and then to the court's deferral. The petitioner further argues that if she were granted additional time, she could address her addiction—"the primary remaining issue" at the initial dispositional hearing—as she substantially complied with the other terms of her improvement period and "expressed a willingness to participate in drug rehabilitation." The record belies these assertions. The petitioner did not substantially comply, as she failed every drug test and would not acknowledge a problem.[6] The circuit court nevertheless granted the petitioner additional time to enroll in inpatient treatment. She declined. Accordingly, we find no error.

For the foregoing reasons, the circuit court's February 9, 2024, order is hereby affirmed.

Affirmed.

---

[5] The petitioner raises no assignment of error challenging the termination of her parental rights.

[6] The petitioner also argues that significant time remained under West Virginia Code § 49-4-610(6) and (9) for her to comply with the terms of her improvement period. However, these statutes respectively set forth the maximum time permitted for extensions and for improvement periods overall, and in no way preclude a circuit court from proceeding to disposition prior to exhaustion of these limits.

**ISSUED**: June 26, 2025


**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

4